UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

_____
                                            )
**SATNAM SINGH,**    A 75-251-955           )
                                            )
A.K.A.                                      )
                                            )
**LAKHWINDER SINGH**                        )
                                            )
            Petitioner,                     )    **CIVIL ACTION NO.  07-cv-03288-JG**
                                            )
Vs.                                         )
                                            )
**District Director**,                      )
NEW YORK DEPT. OF HOMELAND SECURITY         )
                                            )
**SCOT WEBBER** District Director of        )
NEW JERSEY DEPT. OF HOMELAND SECURITY       )
                                            )
**MICHAEL CHERTOFF** as                     )
Secretary of DEPT. OF HOMELAND SECURITY     )
&                                           )
**ALBERTO GONZALES,** Attorney General      )
of the United States,                       )
                                            )
            Respondents                     )
                                            )
_____ )

## **REPLY BRIEF OF THE PETITIONER**

    The government has expressed four concerns, which as delineated below are not tenable under law and jurisprudence as evolved in habeas context.

Government asserted four objections are:

   a. Improper Parties impleaded;
   b. Wrong Venue/Territorial Jurisdiction;
   c. Zadvydas inapplicability as Petitioner has no criminal records; and
   d. Self Inflicted deterrence to release i.e. availing constitutional remedies.

Habeas Petitions is a serious challenge to the detaining authorities, for It is about the freedom of an individual.  No doubt that the Supreme Court has felt that very strongly and has made it clear-- it shall frown upon any hurdle stifling its efficacy.

The Supreme Court has "... consistently rejected interpretations of the habeas corpus statute that would suffocate the writ in stifling formalisms or hobble its effectiveness with the manacles of arcane and scholastic procedural requirements." Hensley v. Municipal Court, San Jose Milpitas J.D., Cal., 411 U.S. 345, 350 (1973) (citations omitted).

### The Issue of Improper Parties/Respondents

Government contention that parties are improper in light of Padilla--it must be mentioned-- it is that very case that has provided an answer to the situation here i.e. Padilla has no application to the immigration cases. **Rumsfeld v. Padilla**, 542 U.S. 426 (2004)

Significantly, in footnote 8 of the decision, the Court expressly stated that it was leaving open the question of whether the Attorney General may be a proper respondent to a habeas corpus petition filed by a noncitizen "detained pending deportation." The Court observed that the Court reserved the question in *Ahrens v. Clark*, 335 U.S. 188 (1948) but noted that since *Ahrens* the circuit courts have split on whether to apply the immediate custodian rule in the immigration context. Importantly, however, the Court stated "[b]ecause the issue is not before us today, we again decline to resolve it."

In the matter of Satnam Singh v. Department of Homeland Security (05 CV 1083 (JG) , Judge Gleeson has rightly rebutted the position of the government when they alleged that Rumsfeld v. Padilla, 124 S. Ct. 2711, 2722 (2004) is controlling-- "Padilla, however, leaves open the question whether the "immediate custodian" rule applies categorically to petitions filed by detained aliens."

In the case of *Henderson v. INS,* 157 F.3d 106 (1998), the court has rightly recognized the practices in the Eastern District of New York naming Attorney General as an appropriate

respondent.[1]

"Neither Supreme Court law nor our own precedent requires that an immigration detainee name her immediate physical custodian as respondent in a habeas action. Accounting for the considerable practical problems with adhering to an immediate custodian rule in the immigration context and the changes resulting from the recent overhaul of the agencies enforcing our nation's immigration laws, we hold that the appropriate respondents to immigration detainees' petitions are the DHS Secretary and the Attorney General." See **Armentero v. I.N.S.** 412 F.3d 1088 C.A.9 (Cal.),2005.

Under the current structure of ICE, the Attorney General, Homeland Security Secretary, ICE Commissioner and filed directors all arguable qualify under the Jones definition of appropriate respondent: one who " can be required to do all things necessary to bring the case to a final adjudication." Jones v. Cunningham 371 US 236, 244 (1963).

The Service always argues against the parties impleaded, for instance, it has averred at times that Local INS director, rather then the warden, should be deemed the immediate custodian. See e.g., Roman V. Aschroft, 162 F. Supp. 2d 755, 758 (ND Ohio 2001)(reversed); Mojica v. Reno, 970 F. Supp. 130, 165-66 (EDNY 1997).  The government is highly inconsistent in its stance regarding the parties named in the Petition.

**The Immediate Custody Issue:**

It has been made very clear that in 'Core Challenges' to confinement, as in this case, Padilla left open the question of whether aspects of its decision ought to apply to habeas petitions brought by alien detainees pending deportation. **Campbell v. Ganter** 353 F.Supp.2d 332 E.D.N.Y.,2004.

Thus the  "core" habeas challenges, i.e. those that challenge physical custody are limited to the prisoner or enemy combatant context and not related to the Immigration detainee.

Further given the nature of the detainees movement, effected through DHS administration, immediate custody rule is not a viable rule. In this very case Satnam custody

---

[1] This court notes that the Eastern District of New York and the Southern District of New York have regularly recognized the Attorney General as a proper respondent to an alien's habeas corpus petition. *See, e.g., Batista-Taveras v. Ashcroft,* No. 03 Civ.1968, 2004 WL 2149095 (S.D.N.Y. Sept. 23, 2004) (Kaplan, J.) (Attorney General is proper respondent); *Garcia-Rivas v. Ashcroft,* No. 04 Civ. 292, 2004 WL 1534156 (S.D.N.Y. July 7, 2004) (Buchwald, J.) (same); *Walters v. Ashcroft,* 291 F.Supp.2d 237, 243 (Wood, J.) (same); *Small v. Ashcroft,* 209 F.Supp.2d 294, 296 (S.D.N.Y.2002) (Rakoff, J.) (same); *Pena-Rosario v. Reno,* 83 F.Supp.2d 349, 362 (E.D.N.Y.2000) (Gleeson, J.) (same); *Pottinger v. Reno,* 51 F.Supp.2d 349, 357 (E.D.N.Y.1999) (Weinstein, J.) (same).

commenced in New York City, when he was called to 26 Federal Plaza, New York with an excuse to grant him adjustment of status and then he was taken to New Jersey and then transferred to some detention in upstate New York detention center. After having kept him in Upstate New York, he was brought back to New Jersey. Three different places, three different immediate custodian. However one custodian remain fixed that is Immigration and Customs Enforcement as supervised by the Attorney General Office.

No doubt, in immigration matter, if we adhere to Immidiate Custodian rule, it might create incentives for forum shopping. Each Jurisdiction has different or varied ways of interpretation or enforcement of its circuit rules etc. This would definitely create unpredictability of system, very thing disdained by jurisprudence. It is unilateral power to the government to choose whatever jurisdiction they like the best. Certainly that is not the policy of the lawmaker and it is of course not a sound legal principle.

Immediate custodian rule itself is ineffectual when we look at the ultimate source of direction which will detain the detainee longer or release him on an administrative level. It is the Attorney General who controls, whose office release periodic memorandums for effectuating or implementing their goals. It is the executive power wielder that is the right respondent, for they have the authority to release. Come what may without the direction from Attorney General either directly or through a delegated authority, the immediate custodian is just a powerless entity. Immediate Custodian cannot release anyone nor does it have any standing to object to any enforcement, for it has no subjective satisfaction criterion or standard. It is just an arm of Attorney General, a vessel waiting for the direction from the Attorney General. As immigration laws are enforced , it would not be speculation to suggest that Ultimate Custodian might actually is/be Immediate Custodian.

In *Armentero v. INS*, 340 F.3d 1058 (9th Cir. 2003), the Ninth Circuit held that the Attorney General and the Secretary of Homeland Security are appropriate custodians/respondents to immigration habeas corpus petitions because each are in charge of the agencies ultimately responsible for the custody that petitioners contend is unlawful.

The Authority that detains is the one empowered to release. Detaining authority was present in New York, subjected itself to New York Jurisdiction.

IN the case of Chavez-Rivas, 194 F. Supp. 2d at 374 it has been clearly articulated that,

"Congress has consistently designated the Attorney General as the legal custodian of immigration habeas petitioners."

"There is also no question that the Attorney General has the power to produce the petitioners, remains the ultimate decision maker as to matters concerning the INS, *see* 8 U.S.C. § 1103(a)(1), and is commonly designated a respondent in these cases, even when personal jurisdiction over the immediate custodian clearly lies…Thus, the Attorney General continues to be "in complete charge of the proceedings leading up to the order directing the[ ] removal [of

aliens] from the country" and has "complete discretion to decide whether or not removal shall be directed." *Ahrens,* 335 U.S. at 199, 68 S.Ct. 1443 (Rutledge, *J.,* dissenting); *see also Guzman v. Tippy,* 130 F.3d 64, 65-66 (2d Cir.1997) ( *per curiam* ) (noting that the Attorney General possesses the authority to detain excludable aliens indefinitely and also in her discretion to parole temporarily aliens into the United States for humanitarian or significant public benefit reasons (citing 8 U.S.C. § 1182(d)(5)(A) (Supp.1997)))." Henderson v. I.N.S. **157 F.3d 106 C.A.2,1998.**

### Territorial Jurisdiction Issue:

*Braden* rejected *Ahrens v. Clark,* 335 U.S. 188, 68 S.Ct. 1443, 92 L.Ed. 1898 (1948), in which the Court had held that, absent special circumstances, habeas petitions should generally be filed in the district of confinement.  . See *Braden v. Thirtieth Judicial Circuit Court of Ky.,* 410 U.S. 484, 93 S.Ct. 1123, 35 L.Ed.2d 443 (1973).

*Padilla* left *Braden* intact, at least in these respects. Justice Kennedy so acknowledged in his concurrence for himself and Justice O'Connor. *See Padilla,* 124 S.Ct. at 2728-29 (Kennedy, J., concurring).

A court has personal jurisdiction in a habeas case so long as the custodian can be reached by service of process. In the case of Handerson (157 F.3d 106 C.A.2,1998), the court found jurisdiction, though the Petitioner was detained outside of New York. The court did so resorting to the New York Long Arm Statute.  The Petition was a resident of Queens County, New York. This is where the Immigration Authorities send letters for him to come to the interview for adjustment.   It is exactly where the Department of Homeland used the services of District Director of New York and thus making themselves amenable to the jurisdiction of this court. See Henderson v. I.N.S. 157 F.3d 106 C.A.2,1998.

"The language of s 2241(a) requires nothing more than that the court issuing the writ have jurisdiction over the custodian. So long as the custodian can be reached by service of process, the court can issue a writ 'within its jurisdiction' requiring that the prisoner be brought before the court for a hearing on his claim, or requiring that he be released outright from custody, even if the prisoner himself is confined outside the court's territorial jurisdiction." **See**  Braden v. 30th Judicial Circuit Court of Kentucky 410 U.S. 484, 93 S.Ct. 1123 U.S.Ky. 1973.

The substantial part of action took place in this jurisdiction.  The Petitioner resided with his US citizen wife  and children in the Eastern District.  It was from here in this district that the Petioner applied for his adjustment of status in this country.  It was here that he was taken into custody. The custody commenced from here and now he is out of this district, however this does

not deprive this court of jurisdiction and further the respondents were properly served.   see Strait v. Laird, 406 U.S. 341, 92 S.Ct. 1693, 32 L.Ed.2d 141 (1972); Schlanger v. Seamans, 401 U.S. 487, 91 S.Ct. 995, 28 L.Ed.2d 251 (1971),


Braden rule is clear-- [O]nce a federal district judge determines that some appropriate custodian of the petitioner resides within the State in which that judge sits, Braden holds that the court has personal jurisdiction over the petition regardless of where the petitioner actually is detained.

In case like that of Satnam, Court considering questions of venue in non-state custody cases under § 2241 must  rely upon language from Braden itself advocating the application of "traditional venue considerations."  Those traditional venue considerations include: (1) the location where material events took place, where records and pertinent witnesses are likely to be found; (2) the convenience of the forum for respondent and petitioner; and (3) the familiarity of the court with the applicable laws.



**Self Inflicted Deterrence to Release i.e. Availing Constitutional Remedies**

     **Article 1, Section 9, Clause 2** of the United States Constitution  has boldly proclaimed that The Privilege of the Writ of Habeas Corpus shall not be suspended, unless when in Cases of Rebellion or Invasion the public Safety may require it.

     Availing judicial remedies is availing due process and filing an appeal or exhausting judicial remedies is an intrinsic part of the right to due process. Fifth Amendment is equally applicable to both legal or illegal aliens in this country.

     Filing a habeas petition is equally a constitutional right and its benefit cannot be denied to some and allowed to others.

      The cases cited by the government for the position that if an alien avails a judicial right, like filing appeal etc. he is not entitled to habeas relief are and does not comport with the constitutional mandate and run contrary to the spirit of Suspension Clauses and further are in clear violation of due process.  Limiting habeas relief only to those who are not filing appeal and who are not availing stay of deportation creates impermissible classification and is discriminatory in character.

     Conditions put before one could  avail any constitutional rights are void  and per se illegal.  The Supreme court has  made it very clear that  it shall not allow an entity to qualify the fundamental rights of the individuals.  Any restrictions that has a chilling impact on exercise of constitutional rights must be declared invalid.  Our case law is replete with genre of this

jurisprudence.  Under the lights of those case, it is clear that these cases (one denying habeas relief to those enjoying stay of deportation) cannot stand the litmus test and must give way to the acceptable doctrine as enunciated by the High Court of the land.  Case law is clear on both civil and criminal front.   In the immigration matters, the trend to inflict or to continue confinement because one has exercised his right to appeal (like obtained stay of deportation) must be reversed now—it violates the basic premise of our law—denies due process—violates Fifth Amendment.

Conditioning relief, which impinges or compromises other fundamental constitutional rights are not valid.  In the case of Shapiro v. Thompson 394 U.S. 618, 89 S.Ct. 1322,  the court held that a State cannot enact durational residency requirements in order to inhibit the migration of needy persons into the State, and that a classification that has the effect of imposing a penalty on the right to travel violates the Equal Protection Clause absent a compelling governmental interest. The court in this case rejected the state statute creating waiting-period requirement as unconstitutional because it 'has a chilling effect on the right to travel.'

Asking the detainee to forgo their rights to avail due process rights (filing habeas petition) has a chilling impact to their right to freedom.

It is clear that where any law, case law has 'no other purpose than to chill the assertion of constitutional rights by penalizing those  who choose to exercise them, then it (is) patently unconstitutional." If a law has 'no other purpose  than to chill the assertion of constitutional rights by penalizing those who choose to exercise them, then it (is) patently unconstitutional.' United States v. Jackson, 390 U.S. 570, 581, 88 S.Ct. 1209, 1216, 20 L.Ed.2d 138 (1968)

It is clear that the supreme Court has clearly placed the aliens with equal footing with the citizens in terms of law  and their rights to avail the process.  Just because Satnam has availed this right to file an appeal with the 9th Circuit Court of Appeals, he must not be made to forgo his entitlement to Habeas. Satnam is availing his due process rights. Making him forgo habeas relief just because he has availed a stay from the 9th Circuit is impermissible.

In another matter regarding the right to exercise its right to speak, Speiser v. Randall 357 U.S. 513, 78 S.Ct. 1332 U.S. 1958, the court held that, " when the constitutional  right to speak is sought to be deterred by a State's general taxing program due process demands that the speech he unencumbered until the State comes forward with sufficient proof to justify its inhibition…a constitutional prohibition cannot be transgressed indirectly by creation of a statutory presumption any more than it can be violated by direct enactment, and the power to create presumptions is not a means of escape from constitutional restrictions."

In a criminal matter, in the case of United States v. Jackson  390 U.S. 570, the High court reasoned confronting Federal Kidnapping Act, "whether the Constitution permits the establishment of such a death penalty, applicable only to those defendants who assert the right to contest their guilt before a jury. The inevitable effect of any such provision is, of course, to discourage assertion of the Fifth Amendment  not to plead guilty  and to deter exercise of the Sixth Amendment right to demand a jury trial. If the provision had no other purpose or effect than to chill the assertion of constitutional rights by penalizing those who choose to exercise them, then it would be patently unconstitutional.

The assertions of the government denying habeas relief to those who are availing  judicial remedies for related issues will result in total denial of justice.  In Satnam case, the 9th Circuit has granted a stay of deportation, that court has no jurisdiction on the issue of his being released from the detention.  He has but no alternative other than to file the instant habeas petition.  If Satnam had not sought the stay from the 9th Circuit he would have been deported without any possibility of seeing light of justice.  Just because he has a stay, it does not preclude him from filing habeas.

Satnam is married to a US citizen and has two US born children. He has been languishing in the detention for more than a year and his family has lost sole bread earner.  His wife and family is being looked after community people.   There is no purpose in keeping him confined, he is not a threat to peace or society.

In Zadvydas v. Davis, 533 U.S. 678, 689, 121 S.Ct. 2491, 150 L.Ed.2d 653 (2001), the Supreme Court interpreted 8 U.S.C. § 1231(a)(6) as authorizing the Attorney General to detain admissible aliens only so long as "reasonably necessary" to remove them from the country. "[O]nce removal is no longer reasonably foreseeable," the Court held, "continued detention is no longer authorized." Id. at 699, 121 S.Ct. 2491. The presumptive period during which the detention of an alien is reasonably necessary is six months. Id. at 701, 121 S.Ct. 2491. In Clark v. Martinez, --- U.S. ----, ----, 125 S.Ct. 716, 722, 160 L.Ed.2d 734 (2005), the Supreme Court extended Zadvydas to apply to excludable (and inadmissible) aliens as well.

Wherefore it is respectfully urged that Attorney General be directed to release Satnam Singh.

                                        Sincerely,

Dated: October 13, 2007
       Jackson Heights, NY                      /s/ *Karamvir Dahiya*

                                        _____
                                        Karamvir Dahiya, for Satnam Singh